United States Court of Appeals,

Fifth Circuit.

No. 91–6214.

Wilma Becky CASH, Plaintiff–Appellant,

v.

JEFFERSON ASSOCIATES, INC., Defendant–Appellee.

Dec. 2, 1992.

Appeal from the United States District Court For the Southern District of Texas.

Before REYNALDO G. GARZA and GARWOOD, Circuit Judges, and ROSENTHAL,[*]*District Judge.

PER CURIAM:

This is an appeal from an order of dismissal granted on defendant's motion to dismiss based on improper pleading under Fed.R.Civ.P. 12(b)(6). We find that the appellant's response to the motion to dismiss clearly showed that her claim was for willful discrimination and therefore was not time-barred under the three-year statute of limitations.

FACTS

Wilma Becky Cash worked for Jefferson Associates, Inc. ("JAI") for over twelve years as an executive secretary. Cash was fired on February 10, 1989 at the age of 49. She requested and received a right to sue letter from the Equal Employment Opportunity Commission on February 6, 1990. She then filed a *pro se* suit against JAI on February 9, 1990. In that suit Cash charged that she was dismissed because of her age and that Limas Jefferson, owner of JAI, stated that he needed "younger blood" in the company. She also claimed she was a victim of sexual harassment throughout her employment and that she was assaulted in September of 1988. On May 24, 1990, she filed an amended complaint adding Limas Jefferson, president and owner of JAI, as a defendant. He was served and answered, but no service was ever had on JAI and on June 18, 1991 the district court dismissed her suit against JAI for failure to serve JAI within the 120 days required by the rules. At

[*]District Judge of the Southern District of Texas, sitting by designation.

the same time the court denied the motion to dismiss as to Limas Jefferson. Cash again filed a new suit on July 12, 1991, again realleging and charging JAI with violations of Title VII, the Age Discrimination in Employment Act ("ADEA") and pendent state tort claims of assault and intentional infliction of emotional distress.

Her complaint shows that she intended to file a willful violation of ADEA, which would invoke the three-year statute of limitations. In her pleading she claimed intentional discrimination and this accompanied by her claim of deliberate and planned discrimination over a period of time suggest that she wanted to sue under the willful clause. The Supreme Court stated in *Mclaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133, 108 S.Ct. 1677, 1681, 100 L.Ed.2d 115 (1988) that:

> In common usage the word willful is considered synonymous with such words as voluntary, deliberate, and intentional. See Roget's International Thesaurus § 622.7, p. 479; § 653.9 p. 501 (4th ed. 1977). The word willful is widely used in the law, and, although it has not by any means been given a perfectly consistent interpretation, it is generally understood to refer to conduct that is not merely negligent. *Id.*

Appellant's use of the word intentional, the deliberate and methodical fact pattern she alleges, plus her request for liquidated damages, which is only available if the discrimination was willful, all indicate that she wanted to plead willfulness. We do not need to go into the merits of the claim under 12(b)(6) motion. We only need to find that the pleading was sufficiently clear.

JAI filed a 12(b)(6) motion to dismiss and appellant Cash filed a response to the motion to dismiss on August 27, 1991. In her response she used the term "willful". The court apparently was not aware of this response when he entered an order dismissing the case as being barred by the two-year statute of limitations on August 29, 1991. The court later acknowledged the filing of Cash's response but decided anyway to dismiss the action.

It seems that her answer to the motion to dismiss was two days late, but justice requires that we consider the appellant's response as a leave to amend her pleading. Fed.R.Civ.P. 15(a). *See Sherman v. Hallbauer,* 455 F.2d 1236, 1242 (5th Cir.1972).

Under the circumstances of this case there is no question that the court was aware that the appellant was claiming a willful violation invoking the three-year statute of limitations and that her ADEA claim was still alive.

The trial court also dismissed state tort claims because of being barred by the two-year statute of limitations. However, we cannot say for sure that the court made a finding that they were barred by the two-year statute because in the order dismissing the case, the trial judge made a finding that the state claims were barred and they might well be, but he said that if they were not barred he would not entertain them because the federal claim was time-barred, which is the ruling that we are reversing.

We therefore REVERSE the dismissal of the appellant's cause of action and REMAND it for trial.